# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANICE ROMANO,<br><br>                Plaintiff,<br>   v.<br><br>SAM'S CLUB, SAM'S WHOLESALE CLUB, WAL-MART STORES, INC., CROSSMARK, INC., JOHN DOE 1-10; and JACK ROES 1-10, J/S/A,<br><br>                Defendants. | CIVIL ACTION<br><br>No.   22-4930<br><br>JURY TRIAL DEMAND |

TO:    THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT COURT OF NEW JERSEY

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§1332, 1441(a), 1446, Defendants Crossmark, Inc., Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) and Sam's East, Inc. (identified as Sam's Club and Sam's Wholesale Club) (hereinafter moving defendants) by and through their counsel, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby remove the above action, pending as Civil Action GLO-L-000676-22 in the Superior Court of New Jersey, Gloucester County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, moving defendants aver as follows:

## BACKGROUND

1. This civil action was commenced by Plaintiff on June 30, 2022 and is pending in the Superior Court of New Jersey, Gloucester County, a court located within this District, under Docket No. GLO-L-000676-22. A copy of Plaintiff's Complaint is attached here to as Exhibit A.

2. This case arises out of an alleged incident that took place at the property located at 2080 North Black Horse Pike in Williamstown, New Jersey operated by defendant Sam's East, Inc. See Exhibit A.

3. Plaintiff alleges she was injured when a number of shopping carts were pushed by defendant's agent and/or employee from outside the store to the inside of the store where plaintiff had just grabbed a cart to use for shopping. See Exhibit A.

4. Walmart Inc. (formerly known as Wal-Mart Stores, Inc.), Sam's Club, and Sam's Wholesale Club (more properly identified solely as Sam's East, Inc.) were served with the Complaint on July 7, 2022.

5. Crossmark, Inc. was served with the Complaint on July 28, 2022.

## GROUNDS FOR REMOVAL

6. This Court has jurisdiction of this action under 28 U.S.C. § 1332.

7. Removal is now proper in the instant case because there is diversity of citizenship as to all the parties and the amount of controversy is in excess of $75,000.

8. Plaintiff Janice Romano is a citizen of the state of New Jersey. See Exhibit A.

9. For removal purposes, a corporation is "deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1).

10. Defendant Crossmark, Inc. is a Delaware corporation with its principal place of business in the State of Texas.

11. Defendant Crossmark, Inc. was, and still is, a citizen of Texas within the meaning of 28 U.S.C. § 1332.

12. Defendant Sam's East, Inc., which operated the Sam's Club located at 2080 North Black Horse Pike in Williamstown, New Jersey, is an Arkansas corporation with a principal place of business located in Bentonville, Arkansas. The named defendants "Sam's Club" and "Sam's Wholesale Club" are not legal business entities, and therefore, they have no citizenship for purposes of diversity.

13. Defendant Sam's East, Inc. was, and still is, a citizen of Arkansas within the meaning of 28 U.S.C. § 1332.

14. Defendant Walmart Inc. (formerly known as Wal-Mart Stores, Inc.) is a Delaware corporation with a principal place of business located in Bentonville, Arkansas.

15. Defendant Walmart Inc. was and still is, a citizen of Arkansas and Delaware within the meaning of 28 U.S.C. § 1332.

16. There is diversity of jurisdiction between plaintiff and the moving defendants pursuant to 28 U.S.C. § 1332. See Exhibit A.

17. Moving defendants are filing this Notice of Removal within 30 days of the service of the Complaint. See 28 U.S.C. § 1446 (b)(1).

18. Plaintiff generally seeks a broad based variety of damages. Plaintiff's Complaint alleges she "sustained severe and painful bodily injuries, which injuries caused her great pain and suffering, incapacitated her from her usual work and activities, necessitated her receiving medical treatment and will in the future cause her great pain and suffering, and will in the future

incapacitate her from her usual work and activities and will in the future necessitate her receiving additional medical treatment." Plaintiff also alleges that she "sustained severe and permanent personal injuries" and that she "has been disabled." See Exhibit A.

19. Removal is proper under 28 U.S.C. §1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 and 28 U.S.C. § 1446.

20. Venue is proper in this Court because the Superior Court of New Jersey, Gloucester County, where this case was originally filed, is in this District. See 28 U.S.C. § 1446(a).

21. Pursuant to 28 U.S.C. §1446, moving defendants are serving a copy of this Notice of Removal to all counsel of record. Notice of the filing of this Notice of Removal will be filed with the Court of the Superior Court of New Jersey, Gloucester County.

22. Pursuant to 28 U.S.C. § 1446(a), "a copy of all process, pleadings and orders served upon" moving defendants prior to the filing of this Notice of Removal are attached as Exhibit A.

23. By removing this action from the Superior Court of New Jersey, Gloucester County, moving defendants confirm this Notice of Removal complies with the relevant removal statutes.

WHEREFORE, moving defendants effect the removal of this action from the Superior Court of New Jersey, Gloucester County to The United States District of New Jersey for the District Court of New Jersey.

                                                          **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____
     Valerie Kellner, Esquire
     Attorney for Defendants
     Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and Crossmark, Inc.

Dated: August 5, 2022

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**

BY: Valerie Kellner, Esquire
Identification No. 006131998
Two Commerce Square
2001 Market Street – Suite 3100
Philadelphia, PA  19103
Phone: 215-627-6900
Fax:    215-627-2665
Valerie.Kellner@wilsonelser.com

*Attorneys for Defendants,*
*Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and*
*Crossmark, Inc.*

| | |
|---|---|
| JANICE ROMANO,<br><br>              Plaintiff,<br><br>     v.<br><br>SAM'S CLUB, SAM'S WHOLESALE CLUB, WAL-MART STORES, INC., CROSSMARK, INC., JOHN DOE 1-10; and JACK ROES 1-10, J/S/A,<br><br>              Defendants. | JURY TRIAL DEMAND |

## VERIFICATION PURSUANT TO D.N.J. CIV.P.R. 11.2

I, Valerie Kellner, Esquire, certify under penalty of perjury that the following is true and correct:

1. That I am familiar with the facts of this case and I make this Certification in support of moving defendants' Notice of Removal.

2. I am authorized as their dedicated counsel.

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: _____
Valerie Kellner, Esquire
Attorney for Defendants
Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and Crossmark, Inc.

Dated: August 5, 2022

274027337v.1

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
BY: Valerie Kellner, Esquire
Identification No. 006131998
Two Commerce Square
2001 Market Street – Suite 3100
Philadelphia, PA  19103
Phone: 215-627-6900
Fax:    215-627-2665
Valerie.Kellner@wilsonelser.com

*Attorneys for Defendants,*
*Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and*
*Crossmark, Inc.*

| | |
|---|---|
| JANICE ROMANO,<br><br>    Plaintiff,<br><br> v.<br><br>SAM'S CLUB, SAM'S WHOLESALE CLUB, WAL-MART STORES, INC., CROSSMARK, INC., JOHN DOE 1-10; and JACK ROES 1-10, J/S/A,<br><br>    Defendants. | JURY TRIAL DEMANDED |

## **CERTIFICATION PURSUANT TO 28 U.S.C. § 1746**

  I, Valerie Kellner, Esquire, certify under penalty of perjury that the following is true and correct:

  1. That this matter in controversy in this action is not the subject of another action pending in any other court or any other arbitration proceeding other than those identified then those of Defendant in their Notice of Removal.

  2. No arbitration has been scheduled.

  3. There are no parties, at the present time that need to be joined to this action.

[Signature on Next Page]

274027337v.1

**WILSON ELSER MOSKOWITZ**
**EDELMAN & DICKER LLP**

By: _____
    Valerie Kellner, Esquire
    Attorneys for Defendants
    Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and Crossmark, Inc.

DATED: August 5, 2022

274027337v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within-captioned document (Notice to File Notice of Removal, Notice of Removal, Exhibits and Civil Cover Sheet) were filed electronically with the Clerk of the District Court using its CM/ECF system, which would then electronically notify all participants in this case.

Robert Grossman, Esquire
Hoffman DiMuzio
4270 Route 42
Turnersville, NJ 08012

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

By: _____*Valerie Kellner*_____
    Valerie Kellner, Esquire
    Attorney for Defendants
    Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and Crossmark, Inc.

DATED:  August 5, 2022

274027337v.1