# EXHIBIT "A"

**HOFFMAN DIMUZIO**
BY:    ROBERT P. GROSSMAN, ESQUIRE
4270 Route 42
Turnersville, New Jersey 08012
(856)-637-3000
Attorneys for Plaintiff(s)

---

| | | |
|---|---|---|
| **JANICE ROMANO** | : | **SUPERIOR COURT OF NEW JERSEY** |
| | : | |
| | : | **LAW DIVISION** |
| **Plaintiffs** | : | **GLOUCESTER COUNTY** |
| | : | |
| **VS.** | : | |
| | : | **DOCKET NO.** |
| **SAM'S CLUB, SAM'S WHOLESALE** | : | |
| **CLUB, WAL-MART STORES, INC.,** | : | |
| **CROSSMARK, INC.,** | : | |
| **JOHN DOE 1-10;** | : | |
| **AND JACK ROES 1-10, J/S/A** | : | **CIVIL ACTION** |
| | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| **Defendants** | : | |

---

Plaintiff Janice Romano, residing at 118 Wood Lane Court, Glassboro, Gloucester County, New Jersey, by way of Complaint against defendants, say:

<u>FIRST COUNT</u>

1. On or about July 11, 2020, Plaintiff Janice Romano was a business invitee lawfully on the premises known as Sam's Club, located at or about 2080 North Black Horse Pike, Williamstown, New Jersey.

2. At all relevant times hereto, the premises operated as Sam's Club was owned, controlled, maintained, and otherwise operated and open for business to the general public by the defendants, Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., Crossmark, Inc., and/or Jack Roes 1 to 10, corporations, partnerships, sole proprietorships, individuals or other such

1

entities doing business in the State of New Jersey.

3.  At all relevant times hereto, the defendant Crossmark, Inc. was acting individually and/or as the agent, servant, and/or employee of defendants Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and/or Jack Roes 1 to 10.

4.  The defendants were responsible for the maintenance, inspection, and/or operation of the above described store.

5.  The defendants had a duty to maintain a safe premises for invitees within the store.

6.  The defendants were negligent in the maintenance and/or operation of the premises in that they allowed a dangerous condition to exist on the premises, failed to inspect the premises to take note of the dangerous condition, failed to warn the business invitees on the premises of the existence of said dangerous condition, and were otherwise negligent, inattentive, and careless, which negligence caused the plaintiff, Janice Romano, to sustain injury when a number of shopping carts were pushed by defendants' agent or employee from outside the store to the inside of the store where Janice Romano had just grabbed a cart to use for shopping and was struck by the carts pushed by the defendant's agent and/or employee.

7.  As a direct and proximate result of the negligence of the defendants, the plaintiff sustained severe and painful bodily injuries, which injuries caused her great pain and suffering, incapacitated her from her usual work and activities, necessitated her receiving medical treatment and owing monies for medical treatment, and will in the future cause her great pain and suffering, and will in the future incapacitate her from her usual work and activities, and will in the future necessitate her receiving additional medical treatment.

WHEREFORE, the plaintiff, Janice Romano, demands judgment against the defendants for reasonable damages, together with interest, attorneys fees and costs of suit.

<u>SECOND COUNT</u>

1.  Plaintiff repeats the allegations of the First Count and incorporates same into this

2

Count as if fully set forth at length herein.

2.  At the aforesaid time and place, the defendant John Doe 1-10, was acting as the agent, servant, and/or employee of defendant Crossmark, Inc., and/or Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and/or Jack Roes 1 to 10.

3.  At the aforesaid time and place, the defendant, John Doe 1-10, was pushing shopping carts from outside the store to the inside of the store and caused one of the carts to strike Janice Romano.

4.  At the aforesaid time and place, the defendant, John Doe 1-10, did so carelessly and negligently push the shopping carts such that Janice Romano was struck by the carts being pushed by said defendant.  The plaintiff Janice Romano was struck by the shopping carts due to the negligence of the defendant, John Doe 1-10, in that he failed to make proper observations, did not have the shopping carts under proper control, and was otherwise negligent, inattentive, and careless, which negligence caused the shopping carts to strike plaintiff Janice Romano.

5.  As a result of the negligence and carelessness of the defendant John Doe 1-10, the plaintiff, Janice Romano, sustained severe and permanent personal injuries, has incurred and in the future will incur expenses for the treatment of said injuries, has been disabled and in the future will be disabled and unable to perform her usual functions, and in the future will be caused great pain and suffering to her great loss and damage.

WHEREFORE, plaintiff, Janice Romano, demands Judgment against the defendant John Doe 1-10, for such sums as would reasonably and properly compensate her in accordance with the Laws of the State of New Jersey together with interest, attorney fees, and costs of suit.

<u>THIRD COUNT</u>

1.  Plaintiff repeats the allegations of the previous Counts and incorporates same into this

3

Count as if fully set forth at length herein.

2.  At all relevant times hereto the defendant, John Doe 1-10, was in the course of his agency and/or employment and pushing the shopping carts for the benefit of and at the direction of the defendants, Crossmark, Inc., Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., and/or Jack Roes 1 to 10, and was doing so as the respective agent, servant, and/or employee of said defendants.

WHEREFORE, plaintiff, Janice Romano, demands judgment against the defendants Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., Crossmark, Inc., and/or Jack Roes 1 to 10 for reasonable damages, together with interest, attorneys fees, costs of suit, jointly, severally, and/or in the alternative.

<u>FOURTH COUNT</u>

1.  Plaintiff Janice Romano repeats the allegations of the previous Counts and incorporate same into this Count as if fully set forth at length herein.

WHEREFORE, plaintiff, Janice Romano, demands judgment against the defendants Sam's Club, Sam's Wholesale Club, Wal-Mart Stores, Inc., Jack Roes 1 to 10, Crossmark, Inc., and John Doe 1-10, for reasonable damages, together with interest, attorneys fees, costs of suit, jointly, severally, and/or in the alternative.

<u>DESIGNATION OF TRIAL COUNSEL</u>

PLEASE BE NOTIFIED that pursuant to R. 4:25-4, Robert Grossman, Esquire, is hereby designated as trial counsel in the above captioned litigation, on behalf of the Law Firm of Hoffman DiMuzio.

<u>JURY TRIAL DEMAND</u>

Plaintiffs demand a Trial by Jury on all issues of law and fact.

4

<u>CERTIFICATION</u>

Pursuant to *Rule 4:5-1*, the undersigned hereby certifies that the above action is not the subject of any other lawsuit or arbitration proceeding, and that there are no other persons interested in the above action who have not been made a party to said action.

<u>NOTICE PURSUANT TO RULES 1:5-1(A) AND 4:17-4(C)</u>

TAKE NOTICE that the undersigned attorneys, counsel for the plaintiffs, do hereby demand, pursuant to Rules 1:5-1(a) and 4:17-4(c) that each party herein serving pleadings and Interrogatories and receiving answers thereto, serve copies of all such pleading and answered Interrogatories received from any party, including any documents, papers and other material referred to therein, upon the undersigned attorneys, and TAKE NOTICE that this is a continuing demand.

HOFFMAN DiMUZIO
Attorneys for Plaintiff

BY: _____
ROBERT P. GROSSMAN

DATED: 6-30-22

5

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000676-22

**Case Caption:** ROMANO JANICE  VS SAM'S CLUB

**Case Initiation Date:** 06/30/2022

**Attorney Name:** ROBERT PETER GROSSMAN

**Firm Name:** HOFFMAN DI MUZIO

**Address:** 4270  ROUTE 42

TURNERSVILLE NJ 08012

**Phone:** 8566373000

**Name of Party:** PLAINTIFF : Romano, Janice

**Name of Defendant's Primary Insurance Company**

(if known): Walmart Claims Services, Inc.

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Janice Romano?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/30/2022

Dated

/s/ ROBERT PETER GROSSMAN

Signed